UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DR. RAMEEZ ALI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 21-cv-2763 (APM) |
| U.S. DEPARTMENT OF HOMELAND SECURITY et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

Plaintiff Dr. Rameez Ali, a citizen of the Maldives, brings this suit requesting a writ of mandamus compelling the government to adjudicate a delayed, employment-based I-140 immigration petition.  *See* Compl. in the Nature of Mandamus Arising from Defs.' Refusal to Adjudicate Pl.'s I-140 Immigration Petition, ECF No. 1 [hereinafter Compl.], at 2.  As of October 12, 2021, the date he filed suit, the petition had been pending for over 400 days.  *Id.* ¶ 4.  The Administrative Procedure Act ("APA") requires that "[w]ith due regard for convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C § 555(b).  Plaintiff claims that the government's delay in adjudicating his petition violates § 555(b) as well as the Due Process Clause of the Fifth Amendment.  *See* Compl. ¶¶ 19–29.

In response, Defendants[1] move to transfer the suit to the District of Massachusetts, where Plaintiff resides, pursuant to 28 U.S.C. § 1404(a).  *See* Defs.' Mot. to Transfer & Dismiss & Mem. in Supp. Thereof, ECF No. 3 [hereinafter Defs.' Mot.], at 1.  In the alternative, Defendants move to dismiss the suit for improper venue under Federal Rule of Civil Procedure 12(b)(3).  *See id*.  For the reasons described below, Defendants' motion to transfer is granted and their motion to dismiss is denied as moot.

## II.   LEGAL STANDARD

Section 1404(a) states that, "in the interest of justice," a district court can transfer a civil action to "any other district . . . where it might have been brought" for the "convenience of parties and witnesses."  28 U.S.C. § 1404(a).  The moving party bears the burden of establishing that transfer is warranted.  *See Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 330 (D.D.C. 2020).  In making a transfer determination, a court determines if the action could have been filed in the transferee court in the first instance and then weighs a variety of private interest and public interest factors to determine which venue is most convenient.  *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988) ("Section 1404(a) directs a district court to take account of . . . the parties' private ordering of their affairs . . . and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" (internal quotation marks omitted)).  Moreover, when adjudicating venue in an action relying on a violation of the APA, "courts generally focus on where the decisionmaking process occurred to determine where the claims arose."  *W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 99 (D.D.C. 2013) (internal quotation marks omitted).  Lastly, courts specifically within the

---

[1] Defendants are the United States Department of Homeland Security, the United States Citizenship and Immigration Services, the Secretary of the Department of Homeland Security, and the Director of the United States Citizenship and Immigration Services.

District of Columbia must be vigilant when examining the appropriateness of venue "to guard against the danger that a plaintiff might manufacture venue . . . [b]y naming high government officials as defendants" and "bring[ing] a suit here that properly should be pursued elsewhere." *Cameron v. Thornburg*, 983 F.2d 253, 256 (D.C. Cir. 1993).

## III.   DISCUSSION

The court must first determine whether the district to which Defendants are seeking to transfer the action is one where Plaintiff could have brought the case in the first instance.  In a case where the defendants are federal agencies and United States officials being sued in their official capacity, venue is proper in any judicial district where "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e)(1).  Here, the first part of the venue transfer inquiry is satisfied, because Plaintiff could have brought the action in the District of Massachusetts, the district in which he resides.  *See* Compl. ¶ 2; § 1391(e)(1).  Having satisfied the first part of the inquiry, the court now asks whether a weighing of the applicable private and public interest factors favors a transfer to the District of Massachusetts.  *See McAfee, LLC v. USCIS*, No. 19-cv-2981 (DLF), 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019).

### A.   Private Interest Factors

The private interest factors the court considers are "(1) the plaintiff['s] choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant[s], but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to

3

sources of proof." *Bourdon v. U.S. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 305 (D.D.C. 2017).

The private interest factors slightly favor transferring the case. The Plaintiff's choice of forum is usually entitled to deference; however, in this case, it is accorded minimal weight, because the District of Columbia is not the Plaintiff's home forum. *See Wolfram Alpha*, 490 F. Supp. 3d at 332 ("[D]eference to the plaintiff's choice of forum is lessened when the plaintiff's choice is not the plaintiff's home forum."); *Khamoush v. Mayorkas*, No. 21-cv-1239 (RC), 2021 WL 4709719, at *2 (D.D.C. Oct. 8, 2021) ("[A]s Plaintiffs do not reside in the District of Columbia and . . . no relevant factual events occurred in this district, this factor . . . provides little if any support for maintaining venue in the District of Columbia.") (alteration omitted) (internal quotation marks omitted); *see also McAfee*, 2019 WL 6051559, at *2 ("[C]ourts give diminished consideration to a plaintiff's preference when the forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter." (internal quotation marks omitted)). Defendants' choice of forum therefore carries greater relative weight.

The location where the claim arose is neutral. In an APA case, the claim generally arises "where the decisionmaking process occurred." *W. Watersheds Project*, 942 F. Supp. 2d at 99. Plaintiff's immigration petition is being processed at the USCIS Texas Service Center, so the location of the challenged action—or inaction—is Texas. *See* Compl. ¶ 9; Defs.' Mot. at 1. This factor is therefore neutral as to either the District of Columbia or the District of Massachusetts.

The last three private interest factors—the convenience of the parties, the convenience of their witnesses, and the ease of access to sources of proof—collectively lean towards transfer but only slightly. As this is an APA case, the need for witnesses is unlikely, and the record evidence will likely be equally accessible from either District. But litigating in Plaintiff's home district

presumably could more convenient for Plaintiff if, for example, there were to be an in-person hearing.

On balance, the private interest factors point towards transferring the case to the District of Massachusetts.

### B. Public Interest Factors

The public interest factors also favor transfer. The three public interest factors are "(1) the transferee's familiarity with the governing laws and the pendency of related actions in the transferee's forum; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." *Bourdon*, 235 F. Supp. 3d at 308 (internal quotation marks omitted). The first two public interest factors are neutral while the third factor tips the scale towards transferring the case to the District of Massachusetts.

As to the first factor, when, as here, a claim based on federal law "could be handled competently by a court in either district," this factor is neutral. *See Aishat v. U.S. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 271 (D.D.C. 2018). The second factor is also neutral, as there is no indication that either District is more congested than the other. It is the third factor—the "most important amongst the public interest factors"—that tips the scales in favor of transfer. *See Wolfram Alpha*, 490 F. Supp. 3d at 338. Jurisdictions have a localized interest in deciding cases that impact their own residents. *See, e.g., Roh v. USCIS*, No. 21-1291 (RJL), 2021 WL 5050071, at *3 (D.D.C. Nov. 1, 2021) (holding that the district where both the plaintiff and the local USCIS office processing the immigration petition reside has a localized interest in adjudicating plaintiff's immigration case); *Chauhan v. Napolitano*, 746 F. Supp. 2d 99, 105 (D.D.C. 2010) (transferring a suit to compel action on an immigration application to the district

5

where both the plaintiff resided and where the relevant local USCIS office was located). Because Plaintiff resides in the District of Massachusetts, that jurisdiction has a localized interest in deciding this case.

\*   \*   \*

Both the private and public interest factors lean in favor of transfer to the District of Massachusetts as the more convenient forum. Other courts in this District have similarly transferred cases brought by non-District residents complaining of undue delay in the adjudication of their applications. *See, e.g.*, *Roh*, 2021 WL 5050071, at *2 (transferring a suit regarding a delayed immigration application to the district where plaintiffs resided due to the "the substantial convenience to be gained by transferring this case"); *Khamoush*, 2021 WL 4709719, at *1 (same); *Wolfram Alpha*, 490 F. Supp. 3d at 332 (transferring suit about denial of an H-1B visa to plaintiff's home district).

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, the Defendants' Motion to Transfer and Dismiss, ECF No. 3, is granted insofar as it requests transfer. The motion to dismiss for improper venue is denied as moot. The clerk of court shall transfer this matter to the District of Massachusetts.

Dated: July 05, 2022

Amit P. Mehta
United States District Court Judge